IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1282** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

### I. BACKGROUND.

On May 9, 2013, Plaintiff Sean M. Donahue, a prisoner at Luzerne County Correctional Facility ("LCCF"), located in Wilkes-Barre, Pennsylvania, filed, *pro se*, this action on a 5-page form civil rights Complaint, under 42 U.S.C. §1983.[1] Named as Defendants are the Commonwealth of Pennsylvania, the Hazleton Police Department, and Magisterial District Judge Joseph Zola located in Hazleton, PA. (Doc. 1, p. 1).

Since the Complaint lacked the filing fee or forms required to proceed *in forma pauperis*, a 30-Day Administrative Order was issued on May,13, 2013. (Doc. 2). Subsequently, on May, 24, 2013, Plaintiff file an Application to proceed *in forma pauperis*. (Doc. 3).

---

[1]We note that Plaintiff filed two previously civil rights actions with this Court. At or around the time of the instant Complaint, he additionally filed 21 other actions. Thus, Plaintiff had 23 cases pending before this Court. On May 31, 2013, the Court issued an Order and dismissed without prejudice Plaintiff 's Civil No. 13-1043, M.D. Pa., case since Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*, after a 30-Day Administrative Order was issued. (Doc. 6, Civil No. 13-1043). Plaintiff now has 22 cases pending with this Court.

## II. ALLEGATIONS OF COMPLAINT (DOC. 1).

In the Statement of Claim of Plaintiff 's present Complaint, Doc. 1, pp. 3-4, he states only:

> The [August 21, 2012] arrest and case brought against me by these parties has resulted in my imprisonment without trial. The charges did not meet prima facie standard for an arrest or for a trial. The charges serve to suppress freedom of speech.

As relief in his Complaint, Plaintiff requests that the court "throw out the Luzerne County [and] PA State case because it violates my First Amendment rights." (Id. at 4). Plaintiff also seeks the Court to Order Defendants pay him money damages in the amount of $200,000 each. (Id.).

In his Complaint, Plaintiff correctly indicates that while LCCF has administrative remedies available, they are not applicable in this case, as his claim does not concern his conditions of confinement and, pertains to events and parties outside of LCCF.[2] (Doc. 1, pp. 2-3).

We will now screen Plaintiff's **Document 1** Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

## III. STANDARDS OF REVIEW.

### A. PLRA

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C.

---

[2]In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

§ 1915. (Doc. 3). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. 42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); see also *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007)

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### C. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed

5

>   in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> 
> *Fowler,* 578 F.3d at 210-11.
> 
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. DISCUSSION.

*1. Improper Defendants*

As stated above, Plaintiff names the Commonwealth of Pennsylvania ("PA") as a Defendant. We find that Defendant PA should be dismissed with prejudice from this action. Defendant PA is clearly entitled to Eleventh Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011). Plaintiff does not contend that Defendant PA has waived immunity or consented to his §1983 civil rights action. Further, PA has not waived Eleventh Amendment immunity for this §1983 case. *Keisling v. Renn*, 425 Fed.Appx. at 109. Thus, we will recommend that Defendant Commonwealth of Pennsylvania be dismissed form this case with prejudice since we find that any amendment with respect to this Defendant is futile. *Keisling v. Renn*, 425 Fed.Appx. at 109.

As mentioned, we find that Plaintiff's claims against Defendant PA are barred under the Eleventh Amendment. We find that Plaintiff cannot proceed with respect to his case against the Commonwealth of Pennsylvania because it is barred under the Eleventh Amendment. *See Keisling*

*v. Renn*, 425 Fed.Appx. at 109. In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3 (E.D. Pa.).

Thus, since we find that Plaintiff's claims against Defendant Commonwealth of Pennsylvania are barred by the Eleventh Amendment, we shall recommend that this Defendant be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend his constitutional claims as against Defendant. *See Democracy Rising PA v. Celluci*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile"). Accordingly, we will recommend that this Court dismiss Defendant Commonwealth of Pennsylvania with prejudice.

Insofar as Plaintiff names the Hazleton City Police Department as a Defendant, he must proceed under the theory of municipal liability pursuant to *Monell v. Department of Social Servs.*,

7

436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Since Defendant Hazleton City Police Department is the agent of the municipality, the standards annunciated in *Monell* apply to it. We find that Plaintiff has not stated a claim against Defendant Hazleton City Police Department under *Monell*. Luzerne County cannot be held liable, as Plaintiff Donahue would have to attempt to do, for the conduct of persons it supervises, such as officers of a municipal police department located in the County, pursuant to *respondeat superior*. *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). Rather, Luzerne County is subject to liability in a §1983 action to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by Plaintiff. *Id.*(citation omitted). In order for Plaintiff to successfully allege a constitutional claim under §1983 against Defendant Hazleton City Police Department, he must raise a *Monell* claim alleging that the Luzerne County is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of Luzerne County led to the violation of the Plaintiff's constitutional rights by the Hazleton City Police Department. *See Monell v. New York Dept. of Social Servs.*, *supra*; *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).

In *Kokinda,* the Court stated:

> Under *Monell*, "municipalities and other local government units are among those "persons" to whom Section 1983 applies." *Malles v. Lehigh County*, 639 F. Supp. 2d 566, 576 (E.D. Pa. 2009). As the Court in *Malles v. Lehigh County*, 639 F. Supp. 2d at 576, stated:
> According to the teaching of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), Lehigh County "can be sued directly under §1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690.

*Id*.

Therefore, in order to properly state a §1983 claim against Defendant Hazleton Police Department, Plaintiff must not only allege that Luzerne County and the Hazleton City Police Department each qualify as a governmental entity and thus a person under §1983 standards, but also must allege that they unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. We find that Plaintiff has not even properly stated that the Hazleton City Police violated any of his (Plaintiff's) constitutional rights by arresting him. We also find, as discussed below, that Plaintiff Fourth Amendment false arrest claim he raises in this case is *Heck* barred. Thus, we find that Plaintiff has failed to properly state a claim against either Defendant Hazleton City Police Department, or Luzerne County, as required my *Monell*, in his *pro se* Complaint. Based on *Kokinda* and *Malles*, we find Plaintiff's allegations do not sufficiently state that Defendant Hazleton City Police Department caused any alleged constitutional violation by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights.

Also, we find that Plaintiff's municipal liability claim against Luzerne County under *Monell* fails since Plaintiff failed to state a constitutional claim against any individual officers of the Hazleton City Police Department. *See Deninno v. Municipality of Penn Hills*, 269 Fed.Appx. 153, 158 (3d Cir. 2008)("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution.").

Moreover, to the extent Plaintiff is seeking punitive damages as against Defendant Hazleton City Police, Plaintiff cannot recover such damages against this Defendant. The Supreme Court has

9

determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981); *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *4 (M.D. Pa. 11-9-05)("A municipality may not be held liable for punitive damages under §1983")(citation omitted). Thus, insofar as Plaintiff is seeking punitive damages against Defendant Hazleton City Police Department, this damage claim should be dismissed with prejudice. We find it would be futile to allow Plaintiff to amend his Complaint to seek punitive damages against Defendant Hazleton City Police Department. *See City of Newport, supra.*

Therefore, we will recommend that Defendant Hazleton City Police Department be dismissed with prejudice. Based on the above discussion as well as the discussion below, we find futility in allowing Plaintiff to amend his Complaint as against Defendant Hazleton City Police Department.

To the extent that Plaintiff is raising constitutional claims against Defendant Magisterial District Judge Zola with respect to his arrest and prosecution by Defendant Hazleton City Police Department and he is seeking money damages, we will recommend that these claims against Defendant Zola be dismissed with prejudice. We find that Plaintiff's claims against Judicial Defendant Zola in this case are barred based on the doctrine of Judicial Immunity. We find that judicial immunity protects Defendant Magisterial District Judge Zola from suit in federal court because Plaintiff sues him entirely for acts taken in his judicial capacity during Plaintiff's current criminal proceeding pending in Luzerne County, *i.e.*, for finding probable cause regarding Plaintiff's arrest and for finding that the Commonwealth established a prima facie case against Plaintiff to bind

over the criminal charges against Plaintiff to Luzerne County Court. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, \*13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009). Plaintiff's instant suit against Defendant Magisterial District Judge Zola seeks to address actions taken by Zola within his jurisdiction and within his official judicial capacity. As such, Defendant Magisterial District Judge Zola is entitled to absolute judicial immunity.

> In *Clark*, 737 F.Supp. 2d at 256, the Court stated:
>
> > For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id*. at \*7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id*. at 360–61, 98 S.Ct. 1099. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000). In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' " *Wallace,* 2009 WL 4051974, at \*7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Judge Zola is entitled to absolute judicial immunity with respect to all of Plaintiff's damages claims against him. *See Stankowski*, 487 F. Supp. 2d 543; *Kalomiris v.*

*Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman*, 2010 WL 1705299, *7; *Clark*, 737 F.Supp. 2d at 256; *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Amended Complaint with respect to his damages claims against Defendant Magisterial District Judge Zola, since we find it would be futile. *See Clark*, *supra*.; *Stankowski, supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

2. *Constitutional Claims*

We construe Plaintiff's Complaint as making out constitutional claims under §1983 for false arrest and false imprisonment. As relief, the Plaintiff requests money damages and that the criminal case pending against him in Luzerne County Court be "throw[n] out." (Doc. 1, p. 4). We take judicial notice of Luzerne County Criminal Docket CP-40-CR-3501-2012, which indicates that Plaintiff was arrested on August 21, 2012, by Defendant Hazleton City Police Department and charged with Terroristic Threats with Intent to Terrorize Another, 18 Pa.C.S.A. §2706(a)(1), and Harassment, 18 Pa.C.S.A. §2709(a)(3). Although Plaintiff's instant civil rights Complaint does not reference a specific criminal case or a date with respect to his Fourth Amendment false arrest and

12

and false imprisonment claims raised in this case, we presume the Complaint to reference Plaintiff's pending Luzerne County Court criminal case, namely, *Commonwealth of PA v. Sean Donahue,* CP-40-CR-3501-2012.[4] Thus, we construe Plaintiff as complaining about actions taken against him in his criminal case initiated on August 21, 2012, by Defendant Hazleton City Police Department, in Luzerne County Court of Common Pleas. It appears that after his arrest on August 21, 2012, Plaintiff's bail was set at $100,000 monetary and that Plaintiff could not post bail, and he was confined in LCCF.

We find that the Luzerne County Court Criminal Docket indicates that Plaintiff had a preliminary hearing on October 3, 2012, that a Magisterial District Judge found the Commonwealth established a prima facie case against Plaintiff and, that both charges filed against Plaintiff, namely, Terroristic Threats with Intent to Terrorize Another, 18 Pa.C.S.A. §2706(a)(1) and Harassment, 18 Pa.C.S.A. §2709(a)(3), were bound over to Luzerne County Court for trial. Subsequently, a criminal Information was filed against Plaintiff on October 22, 2012. Plaintiff was then arraigned on both charges on December 12, 2012.[5] Plaintiff's bail was reduced by the Luzerne County Court on January 10, 2013, from $100,000 monetary to $25,000 monetary. However, it appears that Plaintiff was not able to post the reduced bail amount and he has remained in LCCF since his August

---

[4] We note that we obtained a copy of Plaintiff Donahue's Luzerne County Criminal Docket for case number CP-40-CR-3501-2012 at http://ujsportal.pacourts.us. We take judicial notice of Plaintiff's Luzerne County Criminal Docket.

[5] Plaintiff was initially represented by defense counsel Attorney Edward Michael Olexa in his pending criminal case. On May 15, 2013, after Attorney Olexa withdrew his appearance, Attorney Ryan Michael Paddick entered his appearance to represent Plaintiff in his criminal case.

21, 2012 arrest.

Plaintiff had a pre-trial conference with the Luzerne County Court on April 5, 2013, and he is currently awaiting trial on the criminal charges filed against him. Plaintiff 's criminal trial has not yet been set for a date.

Thus, since Plaintiff is still awaiting trial in his Luzerne County criminal case, any constitutional claims Plaintiff asserts challenging his arrest as being without probable cause, challenging his imprisonment in LCCF and, challenging the Magisterial District Judge's determination that the Commonwealth made out a prima facie case against Plaintiff with respect to both criminal charges are *Heck* barred.[6]

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc*., 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges. In *Heck,* the Supreme Court stated:

---

[6]As such, we do not address how Plaintiff has failed to state any cognizable constitutional claim under the Fourth Amendment at this time since the claims are *Heck* barred.

14

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

Furthermore, the court has held that, "[t]he *Heck* bar would apply whether Plaintiff is still a pretrial detainee or whether he has already been convicted of the charges for which he is currently incarcerated." *Asque v. Commonwealth Allegheny Cnty.*, 2007 WL 1247051 (W.D. Pa. Apr. 27, 2007). Thus, insofar as Plaintiff is challenging his arrest and detainment, these constitutional claims are *Heck* barred. Based on the above, we find that Plaintiff's constitutional claims challenging his current Luzerne County criminal case would necessarily imply the invalidity of any future conviction and sentence. As such, we will recommend that Plaintiff's constitutional claims against Defendants challenging his arrest and detainment in LCCF be dismissed until Plaintiff has his trial in Luzerne County and he is acquitted. Alternatively, if Plaintiff is convicted, then Plaintiff must have any conviction overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254 before he can reassert his present constitutional claims in a §1983 action.

### 3. Improper Request for Relief

Finally, we find that this Court cannot intervene in Plaintiff's pending Luzerne County criminal case and "throw out" the case as Plaintiff requests.

To the extent Plaintiff seeks this Court to dismiss his criminal case pending in Luzerne County Court and thus, seeks his release from confinement in LCCF, these are not proper requests in a civil rights action and should be dismissed with prejudice to raise in a habeas petition if Plaintiff is convicted, and after Plaintiff fully exhausts all of his state court remedies.

The Third Circuit Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (internal citations omitted), stated:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally be to 'inquire into the legality of the detention . . . . Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws**.**

As stated above, to state a claim under in a §9813 action, Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of state law. As analyzed under *Leamer*, Plaintiff's claims and requests for relief relating to his criminal case in Luzerne County and his confinement in LCCF should be dismissed with prejudice in this §1983 civil rights action. Plaintiff must raise such claims and seek such relief in a habeas petition under 28 U.S.C. §2254, if he is convicted, and after he fully exhaust all of his state court remedies.

## V. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed with prejudice, in its entirety. It is also recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 3)** be granted solely for the purpose of filing this action. Finally, it is recommended that the Court close this case.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: June 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1282** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                    **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**


**Dated: June 3, 2013**