UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
  Plaintiff

v.

COMMONWEALTH OF
PENNSYLVANIA, ET AL.,
  Defendants

CIVIL ACTION NO. 3:13-CV-1282

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON
JUL 3 0 2013
PER ___
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the Commonwealth of Pennsylvania, the Hazleton Police Department, and Magistrate Judge Joseph Zola as Defendants. (Id.). Plaintiff, who has criminal charges pending in the Luzerne County Court of Common Pleas, alleges that his arrest has resulted in imprisonment without trial, that the charges did not meet the prima facie standard, and that the charges serve to suppress freedom of speech. (Id.). For relief, Plaintiff seeks, inter alia, the dismissal of his state case and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 3).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 6) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 3, 2013, Magistrate Judge Blewitt

---

[1] Plaintiff has since been released on bail. See (Docs. 7-8).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 9). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 6, pp. 3-5). Initially, Magistrate Judge Blewitt determines that the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity and should be dismissed with prejudice. (Id. at pp. 6-7), quoting Keisling v. Renn, 425 Fed. Appx. 106, 109 (3d Cir. 2011); Democracy Rising PA v. Celluci, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009) (Conner, J.). As to the Hazleton City Police Department, the Magistrate Judge reasons that Plaintiff must proceed under a theory of municipal liability. (Id. at pp. 7-10) (citing Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978)). However, the Magistrate Judge finds

3

that the complaint fails to allege that Hazleton City is a governmental entity and thus a "person" under section 1983, or allege that either a policy or lack of policy of Luzerne County led to the violation of the Plaintiff's constitutional rights. (Id.), quoting Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (Caputo, J.). Magistrate Judge Blewitt concludes that "Plaintiff has not even properly stated that the Hazleton City Police violated any of his (Plaintiff's) constitutional rights by arresting him." (Id.). The R&R explains that the doctrine of judicial immunity further precludes Plaintiff's claims against Magisterial District Judge Zola. (Doc. 6, pp. 10-12) (quoting Clark v. Conahan, 737 F. Supp. 2d 239, 249 (M.D. Pa. 2010) (Caputo, J.)). The Magistrate Judge determines that it would be futile to afford Plaintiff an opportunity to file an amended complaint against any Defendant. (Id. at pp. 7-12), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Next, Magistrate Judge Blewitt construes the complaint as alleging a Fourth Amendment violation for false arrest and false imprisonment. (Doc. 6, p. 12). The R&R discusses the procedural history of the pending state action, explaining that criminal charges were bound over for trial following a preliminary hearing, that Plaintiff has been arraigned, has had a pre-trial conference, and is currently awaiting trial. (Id. at pp. 13-15). The Magistrate Judge finds that Plaintiff's claims are barred by Heck because they would necessarily imply the invalidity of any future conviction. (Id.), quoting Heck v. Humphrey, 512 U.S. 477 (1994); Taylor v. JFC Staffing Assocs., 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009) (Rambo, J.). Finally, Magistrate Judge Blewitt determines that this Court cannot intervene in Plaintiff's pending Luzerne County criminal case. (Doc. 6, pp. 16-17). The Magistrate Judge reasons that Plaintiff's relief requests may be raised in a habeas petition after fully exhausting his state court remedies. (Id.), citing 28 U.S.C. § 2254; Leamer v. Fauver, 288 F.3d 532, 540 (3d

Cir. 2002).

Upon review, this Court finds that in the R&R's discussion of the claims, the Magistrate Judge states that he "will recommend that Plaintiff's constitutional claims against Defendants challenging his arrest and detainment in LCCF **be dismissed until** Plaintiff has his trial in Luzerne County and he is acquitted." (Doc. 6, p. 15) (emphasis added). The R&R continues, "[a]lternatively, if Plaintiff is convicted, then Plaintiff must have any conviction overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254 **before he can reassert** his present constitutional claims in a §1983 action." (Id.) (emphasis added). This recommendation is inconsistent with the final recommendation, wherein the Magistrate Judge concludes that the complaint should be "dismissed with prejudice, in its entirety." (Id. at p. 17). This Court finds no clear error in the analysis of the R&R and will adopt the "Discussion" section, but will not follow the final recommendation. Accordingly, Defendants will be dismissed with prejudice, but Plaintiff's Fourth Amendment claims for false arrest and false imprisonment will be dismissed without prejudice pursuant to Heck.[4] See Mitchell v. Grynkewicz, 2012 U.S. Dist. LEXIS 21983, *12-15 (M.D. Pa. 2012) (Blewitt, M.J.) (recommending the dismissal, without prejudice, of the plaintiff's claims of unlawful arrest and false imprisonment in light of the pending state criminal case), adopted by 2012 U.S. Dist. LEXIS 21979 (M.D. Pa. 2012) (Kane, J.). Notably, the instant complaint fails to sufficiently

---

[4]This Court finds that the complaint also alleges that Plaintiff's arrest violated the First Amendment; however, because the Heck bar applies to such a claim, it too will be dismissed without prejudice. See Armes v. Philadelphia, 706 F. Supp. 1156, 1163 (E.D. Pa. 1989) (holding that to succeed on plaintiffs' claim that their arrests were unlawful and constituted a violation of their First Amendment rights to free speech, the "plaintiffs must show that they were arrested without probable cause").

5

state a claim of personal involvement against any named Defendant and Plaintiff is advised that any future complaint, presented if and when the Heck bar is lifted, must identify a specific Defendant and allege facts establishing his/her personal involvement. Finally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

United States District Judge